Good morning, your honors. My name is Terry Barber. I'm a lawyer from Lincoln and I appreciate the opportunity to be here this morning to talk about this Perez case. I think the briefs have done a decent job of explaining what the issues are and debating them in good fashion. The core event that we're talking about here is described in a complaint that's reached 18 to 20 pages. It's got 90-some paragraphs, but essentially boils down to this family claiming that there are members of the Hastings Police Department that have a custom of profiling based on race, in particular, the Hispanic heritage of this family. Can you identify your claims in the complaint? What claims have you made in particular, as opposed to a general description of what you think happened? What are the claims? Well, originally there were a number of claims. I think there were eight different claims separated down, and we now arrive at individual capacity claims, Judge, against the police officers in Hastings based on the Equal Protection Clause of the 14th Amendment. Okay, now, but the continuing violation argument against your client being time-barred, and your brief says that the claim is that the police department has used race, ethnicity, and culture as motivating factors for law enforcement decisions. What precisely are the law enforcement decisions that are the basis for the continuing violation? I think, Judge, that one of the things that occurred in this case was the continuing conduct argument was not... As I read the complaint in the brief, they're all one-time situations. They did or did not arrest. They did or did not do something else. Those are not... We're at the pleading stage, though, Judge, and, you know, we get into... Well, you may not have a pleading to be here on, right? I mean, you amended a non-extant claim. Is that not true in this case? Didn't you voluntarily dismiss all your claims in state court, and then you amended a complaint that no longer existed? No. Isn't that what happened? I don't think so, Judge. What happened? On the first removal, Judge Rossiter dismissed the 1983 claims. Individual capacity and official capacity. Official capacity with prejudice. Individual capacity without. True. Now, under such decisions as Pitt-Three-River, which is a Ninth Circuit case, or this court's case in... I believe it's Isaac Walton and... But the focus is what happened in state court after that. Yeah, that's my question. Did you dismiss all the... My point is this. Those two cases, the Pitt-Three-Tribe case and Isaac Walton, both stand for the proposition that at the time that Judge Rossiter remanded the state... He declined jurisdiction over the state claims, remanded to the state court. His decision with respect to 1983 was not final and appealable at that time. I get that. That's not... My concern isn't really about what Judge Rossiter did. It's about what you did in the state court, right? So now the claim is sitting there in the state court, and you voluntarily dismissed your complaint. Is that not true? That's not true. We voluntarily dismissed some of the claims. What was left? What was left was 1983. Where? Because it's all that... You know, Judge Rossiter, he remands and says, there's no 1983 claim here, right? That's what he said. And so it goes back. So now that's gone, right? So what's it doing? I mean, how do you amend that? The individual capacity portion of it was still a live controversy. The issue, and I think that this is part of the reply brief, I tried to be as specific as I could about it. But the fact of the matter was that during the month of August of 2017, if my recollection is correct, we still had a live controversy. During that period of time, as of July 31, Judge Illingworth ruled on all of the matters that were dangling, which were attorney's fee requests. And so during the month of August then, from July 31 for 30 days, actually, there was a live controversy because Judge Rossiter's decision became a final order. When Judge Illingworth put a period on the case. Now, during that time, it's a live controversy sort of issue, I believe. And I think that the city... Unless it's time barred. Excuse me? Unless it's time barred. Well, that gets to the question of... It gets to a couple of questions, Judge. First of all, in response to the motion for leave to amend, one of the things Judge Illingworth did was, first of all, consider the amended complaint because it was attached to both of the motions, the motion and the amended motion. And then made very specific findings in his order of December 28, I believe it was, of 2017. When he clicked through the factors that he was supposed to consider, and I think he understood fully because he recites in his journal entry the history of how we got there. And so he had it all in mind. And while pleading is to be... Our amendments are to be liberally allowed when justice requires both in the federal and the state system. He also knew that this was a little bit different of a creature and that his discretion might not be quite as generous because of the posture of the case. But he specifically went through the factors of such things as undue delay and prejudice and so forth. And in particular... Do you think the grant of leave to amend resolved all these issues in your favor? I think... The way that bound the district court and now this court? I think that the judge made a very clear finding that the pleading under Nebraska law was not futile. Now... Well, in part of the challenge... You think he analyzed plausibility and time bar in before granting leave to amend? I don't know the answer to that and we don't have it in the record. I just can't... But you're arguing that we have to give it that legal effect. I believe that the pleading has been passed on by that decision, yes. Now, it doesn't mean... The state court ruling on granting leave to amend is binding on the federal court with respect to statute of limitations and Iqbal Twombly issues in federal court. Well, I think one of the things that's happened, Judge, since Twombly came out... It was in 2007, as I recall, and it's gotten to be quite an exercise to maintain one of these types of cases in the federal system. And I think that one of the things that happened, and Professor Miller has pointed it out in one of his works, and that is that no attention has been paid to a case that was decided... We're not here to revisit Iqbal. Let's answer this question. You want us to say that the Nebraska court decision somehow impacts whether or not this claim is time barred, but statute of limitation and time bar questions are waivable and never addressed by a court until someone actually brings a motion saying it's time barred. I mean, if you enter up a defense that says claim is time barred, the court does not just decide, oh, it's time barred. They wait for a summary judgment motion on the basis of that bar. Yes, and I think that's... I think there's enough in the complaint to survive that at the pleading stage. I'm not saying anything about its ultimate success. But there is enough alleged in the complaint about a course of conduct to survive 12B. And that's based on two things in particular. First of all... Let me just stop you and come full circle to my first question about decisions. Give me one decision adverse to plaintiffs that is not time barred in your general statement about course of conduct that violates the Equal Protection Clause. What did they do to the plaintiffs in the four-year applicable period? There is nothing in the operative complaint that describes those things with particularity. There is, however... But then how can it possibly pass muster? I mean, part of plausibility is not being time barred. One of the things that is an important item that is in the complaint is a recitation of the recorded conversation between Officer Doremus and his confidential informant. And it talks about... But that was a time barred conversation? It was. But the inference from that, Judge... Excuse me. Indicates that it's reasonable to infer this was ongoing. Okay, but what was done in the damage period that is actionable as to these plaintiffs? What specific conduct by any law enforcement defendant acting in his or her individual capacity... Are you asking... ...damaged these plaintiffs during the statute of limitations period? Are you asking me to explain some of those to you or whether they are in the complaint? I don't know. You can't go outside the record. I don't see it. And the complaint has nothing that isn't time barred. Except a general allegation that these are bad people that have continued to do it. It has the general allegation. It has the admission of one of the officers that allows a very reasonable inference that it came into the time. Your time is up. But do you have an equal protection case which survives time bar with this kind of continuing violation allegation? Equal protection specifically? Not with me. Thank you. Ms. Scheer. May it please the court. My name is Carrie Scheer and I represent the defendant's appellees who I will refer to throughout this argument as the officer defendants. Today I will argue that this case is a nullity and that this court lacks jurisdiction to consider this appeal... ...and that the second amended complaint was barred by the statute of limitations. Can you help me understand Nebraska law a little bit? The plaintiff's cite to the statute about the inherent power of the district court to vacate, modify a judgment within six months after entry. Does that apply here? Because I think it did happen within six months. Did that give the district court the authority under Nebraska law to revive that complaint? No. Why is that? The reason why is because, first of all, the right to voluntarily dismiss a complaint and have that be an automatic dismissal is statutory. So that actually trumps the inherent power that's at issue in common law, essentially. This is statutory inherent, right? Well, the statute actually, if you read the very first prong of that statute, it states that it talks about the inherent power of the court, which is in case law. So it says the inherent power of the court to renew these types of cases, or actually that's not what it says at all. It basically says the inherent power of the court to change in order continues for another six months. So it's referring to this case law that already exists and saying this is the inherent power that you have, and then they're extending it six months. But beyond that, we have several cases, including Lee v. Fletcher, Warner v. Warner, and in-rate interest of David M. And those cases, and in-rate interest of David v. M. is not in my brief. That is found at 19 NEB AP 399. It's a 2012 case. But those three cases... Can you put that in a 28-J letter, please? I would be happy to. Thank you. Those three cases make clear that once a voluntary dismissal automatically enters, it's automatic. At that point in time, the court can't go back and enter anything that's different from that. And that goes back to the statutory power that a plaintiff has to voluntarily dismiss their case. What's the statute number? Let's see. I don't. It's cited in several cases cited in my brief as well as, I believe, the brief of appellants. I don't recall. Do you recall, Judge? It's the statute, the inherent power of the court, 25-2001? Yes. So it's the inherent power of district court to, and maybe I'm not familiar intimately with Nebraska law, but to vacate or modify a judgment almost seems like that would overpower what you're saying in terms of, all right, so you voluntarily dismissed your complaint and your case. It's no longer pending. So that doesn't qualify then as a judgment? If the district court then enters a judgment dismissing that complaint, that can't come back and modify that? That's your position on the statute? That is. Yeah. And I agree because it is discussed in a statute. It seems almost as if there's two different statutes that maybe could have a different effect. But in reality, the voluntary dismissal that automatically enters isn't really a judgment. It's as if the case never existed at all. So it's a really interesting effect of a voluntary dismissal and is treated differently than another dismissal, say, on the merits. And so these three cases have held. Lee versus Fletcher held that a voluntary dismissal that was entered without prejudice could not later be modified by someone who wanted to have entered with prejudice. A similar holding existed in, I think it was either Bovard or Werner versus Werner, where a party, and it's a very similar situation to, like, what we have here. A party didn't mean to dismiss their whole case, but they did. They didn't mean to dismiss all the defendants, but they did. And then they filed a motion to amend, basically exactly like what happened here, to try to get the case to go back again. And the court entered it and said, yeah, sure, you can continue with this case. That's fine. But the Nebraska Supreme Court or the Nebraska Court of Appeals, whichever, I think it was the Nebraska Supreme Court, held you can't do that. You can't go back. Once this voluntary dismissal automatically entered, it ended the case. It was like it never existed to begin with. So this isn't an issue of our not needing the derivative jurisdiction. This is a matter of a case that just was never pending at all is what you're saying. I believe that is an accurate description. Essentially, the moment that the voluntary dismissal automatically entered, the case ceased to exist. There was no longer a complaint to amend, so the case is a nullity. So we can look at that. Because the derivative jurisdiction, 1441, we don't need that. But what you're distinguishing this is to say that we can go back and determine whether or not that was even a pending case, even if a district court in Nebraska made that mistake and thought otherwise. We can make a different decision than Nebraska court? I think so. And the reason why is because the question is whether or not the case you're looking at exists at all. But the Nebraska court thought it did, right? Well, but the Nebraska court didn't consider that issue. Why was it removable if it was a nullity? Well, that's a good question. And frankly, this issue should have been raised sooner. It should have been raised to the state district court. The state district court granted the motion to amend even though there was no I mean, how could the district court accept removal of something that didn't exist? I don't care about the state court. And I agree with you. And I think that's probably the decision here is that everything that happened from there on out was a nullity. And no one had jurisdiction. If we say the removal was improperly granted because there was nothing to remove, I don't know what the impact of that would be, but it would be different than what you're urging us to do on appeal. Well, I think that you can dismiss the appeal for lack of jurisdiction. Because the district court lacked jurisdiction or because we do? Both. Well, I can't. If the district court had jurisdiction, how can we not? Well, that's the question. If this case is a nullity from the outset. I'm not sure it would be a timely ruling with respect to removal. It seems to me that's probably a done deal. So the district court had jurisdiction. I guess if you think that there is jurisdiction. I don't understand why you want us to go into this swamp, frankly. Well, and maybe you don't need to. Because there are multiple reasons why you could affirm the district court's decision. Based on the statute of limitations. And based on the fact that the complaint failed to state a claim upon relief. Upon which relief can be granted even at the second amended complaint stage. I mean, if you look at the statute of limitations issue. The second amended complaint does not relate back to the time of the first amended complaint. Because neither of the Nebraska statutes apply when the underlying complaint has been voluntarily dismissed. Like it has here. And the same result should also be reached if this court finds that the federal relation back doctrine. In federal rule of civil procedure 15c applies. If the court would look to harbor insurance company versus Esmond. At 918F second 934 footnote 3. It specifically states that the relation back doctrine. In rule 15c is in applicable to the filing of a new complaint. After an earlier action has been voluntarily dismissed. And that the relation back doctrine does not apply under that situation. So this doesn't even have to be jurisdictional. I don't need the relation back. I mean, it would relate back to a time barred period. Exactly. Until 2016. Exactly. And I agree with that statement as well. Why get us into another swamp? I'm just trying to demonstrate that there are so many ways in which this just fails. Why don't you start with the easiest and the strongest? Well, I think the reason is because that's one of the most interesting issues. Is that I didn't know until today what was being alleged. I didn't know until today that it was a 14th amendment equal protection claim. Frankly, the manner in which the claims are alleged. It appears as though they're false arrest. False imprisonment. Malicious prosecution claims that were originally brought under state law. And then were later replayed as section 1983 claims. So not knowing that, it was a little difficult to argue when the statute began to run. Not knowing what the actual claim was and when it accrued. So to be honest, that's the big reason why I didn't start there. But I did end there. Both here and in the brief. So for all of these reasons, I think that you can either dismiss this appeal for lack of jurisdiction. Or affirm the district court for lack of statute of limitations. It's barred by the statute of limitations. And failed to state a claim upon which relief can be granted. I see that I'm out of time. Mr. Barber, have any time? I'll give you a minute and a half for rebuttal if there's anything you'd like to respond to. Just a couple of things, if it pleases the court. And I appreciate the opportunity. I would want to emphasize that the court, in considering this case, keep in mind and review the papers that are part of the record in the appendix. Yes, they all are in either the joint appendix or the supplemental appendix. But in particular, both the dismissal and then judges' journal entry that followed that. The complaint was not dismissed. There were specifically stated claims. They were made part of the statutory dismissal. You're talking in state court now. I'm talking in state court. And you're saying that the voluntary dismissal was not a dismissal? I'm saying that it was not a dismissal of the complaint. It was not a judicial dismissal. But it was an effective dismissal of the complaint under Nebraska law, wasn't it? It was as to the claims specified. And they were very carefully specified both in the dismissal itself and in judges' order. He was very careful to specify which claims were dismissed. That's number one. I guess that would have been the First Amendment complaint. So you're saying the dismissal didn't affect the Second Amendment complaint? That's correct. Well, what I'm saying is that the operative complaint, which I believe is the second one, only went to the cause of action that was not voluntarily dismissed by the plaintiffs. And number two, I want to pick up on the business of the continuing course of conduct. Excuse me. Thank you. Thank you, counsel. The case has been thoroughly briefed and argued, and we'll take it under advisement. Does that complete the morning's calendar? It does, Judge. Very good. The court will be in recess until 9 o'clock tomorrow morning. Thank you. Thank you, counsel. Your Honor, I have a question. Yeah, go ahead. So this was a short-term driver of the house? Yes. Let's view this over in the rules. Okay. In the rules. Yeah. Okay. Thank you. Is that 29?